IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES O. MILTON,                          :

    Plaintiff,                              :

vs.                                         : CIVIL ACTION 11-0013-WS-M

ERNICE DELMORE,                             :

    Defendant.

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis* filed a Complaint under 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on Defendant Ernice Delmore's motion for summary judgment (Docs. 12, 13).  For the reasons stated below, it is recommended that Defendant's motion for summary judgment be granted and that Plaintiff's action be dismissed with prejudice.

I.   SUMMARY OF FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

From its review of the record, the Court summarizes the procedural history and the parties' allegations that are material to the issues addressed in this Report and Recommendation.  On December 8, 2010, Defendant Ernice Delmore conducted a bed check at approximately 10:40 p.m. at the Atmore

Community Work Center (Doc. 1, p. 4).  While Plaintiff was asleep, Defendant woke Plaintiff by sticking Plaintiff with a sharp pencil (Doc. 1, p. 4).  Plaintiff asked Defendant why Defendant had stuck him with the pencil, and Defendant told Plaintiff to not "worry about that" and "get up and clean" something[1] "in a very aggressive tone." (Doc. 1, p. 4).  On January 7, 2011, Plaintiff filed his Complaint wherein he claims that Defendant assaulted him, failed to follow proper procedures of the ADOC when waking an inmate from his sleep[2], failed to be properly trained, was not properly supervised by superiors, failed to follow rules and regulations, caused emotional stress and pain, exhibited aggressive behavior, used excessive and unnecessary force, and exhibited conduct that was unbecoming of an ADOC official (Doc. 1, p. 5).  Plaintiff makes no request for damages or relief (*see* Doc. 1, p. 7).[3]

---

[1] Plaintiff's handwriting is indiscernible as to what object Plaintiff states Defendant told Plaintiff to clean at the time of the incident (*see* Doc. 1, p. 4).

[2] The Court does not construe any of Plaintiff's allegations as asserting a Fourteenth Amendment due process claim.

[3] On the Court's Complaint form, paragraph 7 asks Plaintiff to state his request for relief, and Plaintiff wrote "N/A", which the Court interprets as "not applicable" (*see* Doc. 1, p. 7).

On October 3, 2011 Defendant filed a Special Report and
attached her Affidavit (Docs. 12, 12-1).  In her Affidavit,
Defendant states that she was conducting a bed check at the time
of the incident and pulled back the bed sheets to confirm who
was indeed in the bed (Doc. 12-1).  Defendant denies stabbing or
using any excessive force upon Plaintiff (*Id*.).  On October 4,
2011, Defendant filed her Answer denying Plaintiff's claims and
asserting various affirmative defenses, including sovereign and
qualified immunity[4] (Doc. 13).  On November 15, 2011, the Court
ordered that Defendant's Special Report and Answer be treated as
a motion for summary judgment (Doc. 14).  Plaintiff filed his
opposition to the Order on December 21, 2011 (Doc. 15).
Plaintiff's pleadings and Defendant's motion are now before the
Court.

## II.   SUMMARY JUDGMENT STANDARD

In analyzing the propriety of a motion for summary
judgment, the Court begins with these basic principles.  The

---

[4] Plaintiff does not identify whether he is suing Defendant
in her individual or official capacity.  However, since the
Court finds herein that Plaintiff's allegations of excessive
force do not establish a constitutional violation, there is no
need to make further inquiry as to immunity.

Federal Rules of Civil Procedure grant this Court authority

under Rule 56 to render "judgment as a matter of law" to a party

who moves for summary judgment.  It is well-established that

summary judgment is proper-consistent with Federal Rule of Civil

Procedure 56(c)-"if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986).  The Court must view the evidence produced

by "the nonmoving party, and all factual inferences arising from

it, in the light most favorable to" that party.  *Barfield v.*

*Brierton*, 883 F.2d 923, 934 (11th Cir. 1989).  However, Rule

56(e) states that:

> If a party fails to properly support an assertion of
> fact or fails to properly address another party's
> assertion of fact as required by Rule 56(c), the court
> may:
>
>> (1) give an opportunity to properly support or
>> address the fact;
>> (2) consider the fact undisputed for purposes of
>> the motion;
>> (3) grant summary judgment if the motion and
>> supporting materials--including the facts
>> considered undisputed--show that the movant is
>> entitled to it; or
>> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).  "[T]here is no issue for trial unless

there is sufficient evidence favoring the nonmoving party for a

jury to return a verdict for that party. . . .  If the evidence

is merely colorable, . . . or is not significantly probative, .

. . summary judgment may be granted."  *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations

omitted).  "Summary judgment is mandated where a party 'fails to

make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party

will bear the burden of proof at trial.'"  *Custom Mfg. & Eng'g,*

*Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007)

(citations omitted).

## III.  DISCUSSION

As set forth above, Plaintiff seeks redress pursuant to 42

U.S.C. § 1983 for an alleged constitutional violation arising out

of an incident that occurred on December 8, 2010, while

Plaintiff was incarcerated in Atmore Community Work Center (Doc.

1, p. 5).  Section 1983 provides in pertinent part:

> Every person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the
> District of Columbia, subjects, or causes to
> be subjected, any citizen of the United
> States or other person within the
> jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities

> secured by the Constitution and laws, shall
> be liable to the party injured in an action
> at law, suit in equity, or other proper
> proceeding for redress. . . .

42 U.S.C. § 1983 (1994).  Plaintiff claims that Defendant Ernice

Delmore used unnecessary and excessive force to wake Plaintiff

up by "sticking [him] with a sharp pencil" and speaking to him

in an aggressive tone which the Court construes to mean that the

Plaintiff claims an Eighth Amendment violation (Doc. 1, pp. 4-

5).  The Court notes that Plaintiff makes no request for damages

or any other relief (*see* Doc. 1, p. 7).

The Eighth Amendment protects a prisoner from punishment

that is cruel and unusual.  *Graham v. Connor*, 490 U.S. 386, 394

(1989).  Specifically, the Eighth Amendment "prohibits the

unnecessary and wanton infliction of pain, . . . the infliction

of pain totally without penological justification. . . , [and]

the infliction of punishment grossly disproportionate to the

severity of the offense."  *Ort v. White*, 813 F.2d 318, 321 (11th

Cir. 1987) (citing *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).

In order to establish an Eighth Amendment claim, a

plaintiff must prove both an objective and subjective component.

First, Plaintiff must show that the alleged wrongdoing was

objectively "harmful enough" to establish a constitutional

violation, and, second, Plaintiff must show that "the officials

act[ed] with a sufficiently culpable state of mind," *i.e.*, that

they acted "maliciously and sadistically to cause harm."   *Hudson v. McMillian*, 503 U.S. 1, 6-8 (1992).

Inherent in the protection afforded by the Eighth Amendment is the principle that not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9-10.   Indeed, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." *Id*. at 9 (citation and quotations omitted).   Moreover, "it is well settled law that a claim for verbal abuse or threats is not cognizable" under § 1983. *Scott v. Coo*k, 2005 WL 5976136, *4 (N.D. Fla. Nov. 15, 2005)(unpublished) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (verbal abuse not cognizable under 1983).

For the purpose of summary judgment, the Court takes all the facts presented by the Plaintiff as true, namely, that Defendant stuck Plaintiff in an unspecified place with a pencil to wake Plaintiff and spoke to Plaintiff in an aggressive tone during bed check (Doc. 1, p. 4).

First, the Court will analyze whether the wrongdoing was objectively "harmful enough" to establish a constitutional violation. *See Hudson*, 503 U.S. at 9-10.   The objective component of an Eighth Amendment excessive force claim "necessarily excludes from constitutional recognition *de minimis*

uses of physical force, provided that the use of force is not of

a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S.

at 9-10 (quotation and citation omitted).  While the *Hudson*

court did not define *de minimis*, it did suggest "that [the]

degree of injury received is relevant to determining whether

more than *de minimu*s force was used." *Bloodsworth v. Brooks*,

2008 WL 2622772, *5 (S.D. Ala. June 30, 2008)(unpublished and

citation omitted).  The facts in this action are similar to

those in *Gonzales v. Morehouse Detention Center*, where a

plaintiff made a claim under § 1983 for being poked in the chest

and verbally abused. 2008 WL 4657776, *4 (W.D. La. Sept. 23,

2008)(unpublished). The *Gonzales* court found that there was no

cause of action under § 1983 where a plaintiff had been poked in

the chest and verbally abused. *Id*.  Moreover, this Court has

evaluated other prisoner injuries to determine whether the use

of force was excessive or not, and found that more severe uses

of force than that complained of by Plaintiff have been found

insufficient to constitute excessive force.  *See Walker v.

Thames*, 2001 WL 394911, *6 (S.D. Ala. Mar. 30,

2001)(unpublished)(finding where a scratch resulting from a

correctional officer's pushing, shoving, and hitting in order

for the inmate to get back to work did not constitute excessive

force); *Lanier v. Fralick*, 2000 WL 1844679, *1-2, 5-6 (S.D. Ala.

Oct. 24, 2000)(unpublished) (finding where plaintiff received

scratches on the elbow, skin tearing behind the ear, abrasion on the shoulder, and felt jaw pain resulting from a correctional officer pushing plaintiff into a glass window while taking plaintiff to a holding cell did not constitute excessive force).

Plaintiff in this action does not claim any physical injury or that he needed medical attention as a result of this incident.  The Court's record reflects that Plaintiff did not request to see a doctor or receive medical attention as a result of this incident.  Moreover, unlike the aforementioned actions, Plaintiff did not receive any physical injury, not even a scratch or a bruise.  The Court finds that Defendant's alleged use of force is *de minimis* and not of a sort repugnant to the conscience of mankind.  Thus, the Court does not find that Defendant's actions were objectively harmful enough to establish a constitutional violation.

Second, the Court must consider whether Defendant acted maliciously and sadistically to cause harm or whether Defendant's use of force "shock[s] the conscience". *See Hudson*, 503 U.S. at 7, 9-10.  To the contrary, Plaintiff's complaint in this action fails to show or explain how Defendant's alleged use of force, i.e., sticking Plaintiff with a pencil and speaking to Plaintiff in a harsh tone, rises to the level of a constitutional violation.  The undisputed evidence shows that Defendant's conduct occurred while Defendant was conducting a

bed check for security purposes at the correctional facility. There is no evidence that Defendant's actions were malicious or sadistic, nor do the actions shock the conscience of this Court.

Bearing in mind the objective and subjective factors enumerated above, the Court finds that the force used by Defendant Ernice Delmore against Plaintiff was not excessive. Therefore, Plaintiff's Eighth Amendment claims fail as a matter of law.

## IV.   CONCLUSION

Based on the foregoing, the Court concludes that Defendant Ernice Delmore is entitled to summary judgment in her favor on all claims asserted against her by Plaintiff.  Accordingly, it is recommended that Defendant's motion for summary judgment be granted and that the entirety of Plaintiff's Complaint against Defendant be dismissed with prejudice.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this 13th day of February, 2011.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  *Fed. R. Civ. P.* 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.